IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| TAMERA E. INGRAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 21-cv-2499-MSN-tmp |
| | ) |
| IRA LIPMAN, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is *pro se* plaintiff Tamera E. Ingram's complaint against Ira Lipman, United States Magistrate Judge Charmiane Claxton, and Brian L. Roberts.[1] (ECF No. 1.) Because Ingram is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the court recommends that Ingram's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915.

**I.  PROPOSED FINDINGS OF FACT**

On July 28, 2021, Ingram filed a *pro se* complaint alleging violations of her civil rights under 42 U.S.C. § 1983. (ECF No.

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

1.) Ira Lipman, United States Magistrate Judge Charmiane Claxton, and Brian L. Roberts are named as defendants in the caption. (Id. at 1.) She also filed a *pro se* motion for leave to proceed *in forma pauperis.* (ECF No. 2.) Ingram's affidavit accompanying the motion was unsigned and incomplete. (ECF No. 2.) On August 2, 2021, the court entered an order directing Ingram to submit a signed application or to pay the $402 civil filing fee. (ECF No. 6.) Subsequently, Ingram filed two more lawsuits in this district, each with an accompanying motion for leave to proceed *in forma pauperis*. (See Case No. 21-2505 at ECF Nos. 1-2 & Case No. 21-2509 at ECF Nos. 1-2.) Both motions were supported by completed and signed affidavits. As a result, the court granted her motion to proceed *in forma pauperis* in the instant case on September 2, 2021. (ECF No. 7.)

Using a form provided by the Clerk's office to assist *pro se* litigants asserting civil rights claims, Ingram wrote the below narrative in the space titled "Statement of Claim":

> My kids are in danger have been for 7 months DCS in Paris, TN but Stewart County is where I went to jail at have DCS office there, but kids are in Paris TN for some reason. Allie Philips is not keeping me in contact with my children claim Judge Brigham in Stewart County took virtual visits still haven't reinstate no contact with children is suppose to be giving to family members but nothing has been done son has been raped in DCS custody all my kids are at different places scattered across TN in and out of hospitals. Comcast transmitter box inside my body. Assistant Deputy Chief took out approvals on my

- 2 -

>     life and kids Transmitter box regional one installed it.
>     Ira Lipman used to be the owner of Guardsmith's security.
>     He sold the business when lawsuit was filed to accompany
>     in California. Security company EEOC has complaint for
>     civil rights on file. Charmaine Claxton was a judge then
>     and now she looked at a complaint that said civil rights
>     with my son being raped and sent me it back saying the
>     court will not look into this matter civilwise. Judge
>     Jon P McCalla has a lawsuit filed against him. They have
>     robbed me for years you don't ignore a complaint with
>     rape in there nothing has been on the news have
>     information to check into these matters make sure she is
>     not assisted to any of my cases my mom worked there still
>     haven't been paid beneficiaries. Vehicles constantly
>     being vandalized reported other truck stolen from law
>     enforcement Lebohner has this background on there where
>     I visit hospitals.

(ECF No. 1 at 2-3.)[2]

Ingram's narrative extends into the section titled "relief," and she does not state the relief that she is seeking from the court. (ECF No. 1 at 3.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

---

[2] The narrative is handwritten and difficult to follow, but the following is the court's best interpretation of Ingram's claims.

1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Claim**

The undersigned submits that Ingram has failed to state any plausible claim for relief. The complaint is difficult to follow and fails to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Even liberally construed, see Williams, 631 F.3d at 383, the complaint provides nothing beyond conclusory allegations and vague references to legal causes of action. It is devoid of factual content that would allow the court to draw the reasonable inference that any of the named defendants are liable for any alleged misconduct. See Ctr. for Bio-Ethical Reform, Inc., 648 F.3d at 369. Additionally, the complaint contains no factual allegations against Defendant Roberts. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accordingly, the complaint fails to state a claim upon which relief could be granted.

**C.   Judicial Immunity**

The court further finds that Ingram fails to state an actionable claim against Judge Charmiane Claxton, United States Magistrate Judge for the Western District of Tennessee, as she is entitled to absolute immunity. It is well established that judges

and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. Foster v. Walsh, 864 F.2d 416, 417–18 (6th Cir. 1988). Absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which they preside. Mireles v. Waco, 502 U.S. 9, 11–12 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). Accordingly, as it appears that Ingram's claim against Judge Claxton arises from her performance of a judicial function, and she has alleged no facts that support invoking one of the judicial immunity exceptions, Judge Claxton is entitled to absolute immunity from suit.

Accordingly, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 14, 2021
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**